UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA MENGERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0304-CVE-JFJ |
| | ) |
| U.S. TRANSPORTATION SECURITY | ) |
| ADMINISTRATION, et al.,[1] | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Court has for its consideration defendant Transportation Security Administration's (TSA) motion for judgment on the pleadings (Dkt. # 49).

Plaintiff's only claim for relief remaining in this action (count five) seeks an order (injunction) directing TSA to "modify its [training]" to ensure that the agency's security screeners comply with its policy regarding strip searches at airport security checkpoints. See Dkt. # 12, at 10. The Court dismissed plaintiff's claims for money damages and a portion of count five's request for injunctive relief in a prior order. See Dkt. # 40.

Moving under Federal Rule of Civil Procedure 12(c), TSA argues that the Court should either (1) dismiss the plaintiff's remaining claim for lack of subject matter jurisdiction or (2) enter judgment for TSA because plaintiff has not stated a claim upon which relief can be granted. In a one sentence response, plaintiff consents to dismissal of count five "[w]ithout conceding any of the arguments made within the government's motion." Dkt. # 50.

Plaintiff's response was procedurally improper. By purporting to concede dismissal while avoiding an adjudication of the issues, plaintiff's response was, in effect, a motion for voluntary

---

[1] By prior opinion and order (Dkt. # 40), all claims against all other defendants were dismissed.

dismissal of count five. Because dismissal of count five would result in dismissal of all that remains of the action, her request is subject to Rule 41(a) of the Federal Rules of Civil Procedure, which governs voluntary dismissal.

Rule 41(a) provides that a plaintiff may voluntarily dismiss an action without a court order: by filing (i) a notice of dismissal before the opposing party serves an answer or motion for summary judgment or (ii) a stipulation of dismissal signed by all parties who have appeared. Unless one of these conditions has been met, the party must seek the court's leave. Here, plaintiff's request does not qualify for dismissal as of right because it comes after TSA filed its answer (Dkt. # 43), and plaintiff did not file a joint stipulation.

Nevertheless, the Court finds it appropriate to dismiss count five and, by extension, this action. Rule 41(a)(2) provides that the Court may, at the request of the plaintiff, dismiss the action "on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996)). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). As the Tenth Circuit has noted,

> Prejudice does not arise simply because a second action has been or may be filed against the defendant, Am. Nat'l Bank & Trust Co., 931 F.2d at 1412, which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Ohlander, 114 F.3d at 1537. These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. Id. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the

      defendant, but also those facing the plaintiff." County of Santa Fe v. Public Serv. Co., 311 F.3d 1031, 1048 (10th Cir.2002) (quotation omitted).

Brown, 413 F.3d at 1124. Here the case remains in its early stages and TSA has voiced no objection to plaintiff's attempt to avoid adjudication of the issues raised in the instant motion. Presumably, if TSA opposed voluntary dismissal, it would have replied to plaintiff's response. Given the lack of opposition or obvious legal prejudice, the Court will grant plaintiff's request and dismiss count five without prejudice.

      **IT IS THEREFORE ORDERED** that plaintiff's response (Dkt. # 50) is construed as a motion for voluntary dismissal, and such motion is **granted.** Defendant's motion for judgment on the pleadings (Dkt. # 49) is therefore denied as **moot.** This is a final order terminating this action.

      **DATED** this 26th day of July, 2021.

                                                               CLAIRE V. EAGAN
                                                              UNITED STATES DISTRICT JUDGE